The first case for argument this morning is 18-1487 U.S. v. American Home Assurance Company. Mr. Shelley, whenever you're ready. I know you all suggested that we consolidate these cases, and we decided not to do that, but it seems to us that you were issues in the first, so you might not need all of the time you're allotted for the first case. Thank you, Your Honor. That's perfectly fine with us. We just thought it might be more convenient to do it all at once, but it doesn't matter. Fair enough. There are just two issues in this case. One first issue is whether our client, American Home Assurance, is a subsurety to Lincoln National, which is the insurance surety that the government spent six years attempting to collect the duties involved in this case. And that process didn't work out because I think Lincoln National went into bankruptcy and is no longer a company. Yeah, and it seems kind of – I don't doubt that there's anything that can be done, but what struck me was that because they went after Liberty first, there were a lot of years that elided, which now you are charged with prejudgment interest for. That's correct. So I understand why you're troubled by that fact. But both the sureties here are equally liable, right? They have equal liability. They're equally liable for the month, but the – And they have identical obligations in the contract, right? Well, American Home, I believe, had a continuous bond in this case, which limited its liability to $1 million. Right, but aside from that – Aside from that, they are – So what's the argument? Well, the question was whether because we contend that American surety is a sub-surety to Lincoln, that Lincoln should have had first obligation, and that should have been the focus of the government. But no legal document compels that or suggests that, right? No, it's just the factual situation of the cases that we believe makes a distinction because if they were liable as co-sureties, then there would be the possibility of equal – of American AHAC being able to seek partial payment from Lincoln National. But actually – I saw somewhere in the record they're defunct now. They're defunct now. So that wouldn't be an opportunity. This issue was relevant – much more relevant a long time ago than it is today. Want to move on to your second issue? The second issue is one that's involved in both this case and in five of the cases in the next oral argument, which is when the amount – what dates the single transaction bonds – the bonds that are at issue pre-judgment interest should begin to run and when should it not run. And we argue that the determination of liability for the bonds was in the summary judgment in the original – But no damages amount. There was no determination of the precise damages at the time of summary judgment. Well, we believe that the amount of liability was pretty precisely determined at that point. Where in the opinion was it determined? Well, the opinion went the other way. We were arguing that it should have been determined because it was clear in – Yeah, but that's like – okay, say a contract case or a patent case or any other kind of case, liability is decided first. Maybe the parties don't have meaningful dispute between them about what the damages amount might be, but you still don't have a determination of damages until the judge actually enters a judgment on the damages. Even if there is no meaningful dispute, even if the record is clear and no reasonable jury could go otherwise, you still don't have an actual judgment, a determination of damages, until the judge enters it. And so I feel like you're asking us to ignore the fact that there was none at the summary judgment stage. Because it seems to you that it was clear what the amount would have been. Well, the judge didn't determine an amount, I believe, but it was not finalized until further – But some of that was in dispute, right? Not in necessarily all the cases, but in some of the cases the actual amount was in dispute. So how was it meaningfully ascertained if it was still in play and in dispute? Because of the facts of the situation, it's a very simple situation. There was a certain amount of liability under the interest provisions. There was a mandatory 6% rate, and there was a time limit. So it's really just a question of which time you apply to that equation to determine the liability. Yeah, no, that's the issue, whether it was 2015 or 2018. And that has to do with whether or not we think at the summary judgment stage the damages were meaningfully ascertained. And as Judge Moore points out, they were – I mean, the case wasn't resolved. And they weren't – even the damages were, to some extent, still in dispute and in play, right? They were to the extent that there were some issues, legal issues, that were considered by the court in the final decision. This case is perhaps the most different. It's different from some of the cases that we will talk about in the other appeal. Well, they're all kind of unique, or maybe – hopefully they are, because all of this has to do with something that happened in 2001 and 2002. Yes, Your Honor. And unfortunately for you, you're liable for 6% interest for all of that period, which I think you said amounts to half of the damage award. It does. We're just arguing that an additional three-year period should not have been applied because at the time of the summary judgment determination, all the facts were there for the court to have made a final determination, but for other issues that were still in dispute. Why don't we hear from the government? Thank you. Good morning. Good morning. May it please the court. I'll start with the shorty, co-shorty, or shorty-shorty issue. I mean, the law may well be on your side, but doesn't it seem a little harsh or inequitable, assume hypothetically, and I think it's close to this case, that the government was going after the other shorty for a long period of time, and then they changed course and they go after this gentleman's client. And as things turned out as a result of that, they're liable for years and years and years of 6% interest annually starting at the time of the liquidation back in 2001 and 2002, right? I think, it's my understanding, the 6% under the 580, that doesn't start accruing until the first demand. So they weren't charged a higher interest until. So if you're going after Liberty and then you decide for whatever reason you're going to change course, then their interest does not run until you actually make the demand specifically to them? It's my understanding that the interest under 580, that's the 6% that you were referring to, that doesn't begin until the first demand. I think the interest that AHAC is referring to is the interest under 1505D, which I understand is a smaller percentage of interest. I'm not sure what the actual rate is, but that accrues on the post-liquidation up until the face, you know, the amount up until the face. And it might start to run even before they have been demanded. Right. I think it's 30 days after the bill is due or the duties aren't paid. So it might seem inequitable, but the 6% then start running until the date of their first demand. And as the court pointed out, the bonds are identical. It sets forth the obligations. The sureties are co-equals. And the government has the option to go and seek recovery after both sureties or either one of them. In this case, we chose to seek our recovery from AHAC. So here, the difference between the two companies is AHAC was a continuous transaction bonds and the other company was single transaction bonds? Yes, AHAC was a continuous bond holder and Lincoln General was the single transaction bond holder. But your view as to the liability of each is not influenced by that distinction between the two? No, it's not. As for the post-judgment, pre-judgment interest issue, we take note and we agree with the court's acknowledgement that there was no entry of judgment in this case until January 2018. The opinion that was issued in 2015 was not a judgment. It was actually opinion. But the case they rely on, is it Kaiser? Yes. That doesn't require a final judgment, right? That just requires that damages be meaningfully, I think the language is meaningfully ascertainable. Yes. Which is not, they could have said when judgment is final, they didn't. So where does the government get applying that Kaiser, I mean, are you just saying Kaiser doesn't apply, it has no effect on this case? Or are you saying that Kaiser means that the judgment was final? Kaiser is consistent with the government's position in that there needs to be a final, not a final judgment, at least a judgment that actually triggers the interest provisions under 1961. Counsel, you can't let judges state the wrong standard, especially when it affects your case. You need to listen more carefully to the questions. She said Kaiser says the standard is meaningfully ascertainable. That means two people could figure it out. But that's not the standard under Kaiser, is it? What is it? It's meaningfully ascertained. Ascertained, has been ascertained already by someone. Right. That's a critical difference for the government, isn't it? Because if they're right, the damages could be figured out by someone. So you have to listen carefully to the questions and jump in. Okay, thank you. Back to the actual decision. The decision in Kaiser dealt with judgments, and one of the parties in that case actually wanted the interest to start accruing at the time of the verdict. And the court was very clear. The court said by linking all post-judgment activity to the entry of a judgment, the courts have been provided a uniform time from which to determine post-judgment issues. The court went on to say that we conclude that post-judgment interest probably runs from the date of the entry of judgment. There was only one entry of judgment in this case, and that's reflected in the docket. It's actually reflected in the opinion. At the end of the opinion, the court instructed the parties to confer and submit a proposed judgment. So in terms of Kaiser holds that the entry of the judgment is what triggers 1961, and that's how the actual entry actually accrues pursuant to the statute, based on the date of the entry of judgment. Here, only one entry of judgment. And what statutes were in play here? Was 1961 and another statute in play in this case? It was, for purposes of post-judgment interest, it was 1961, and there were two versions, but that is irrelevant here. For purposes of our argument, we're just looking at the portion when post-judgment interest begins to accrue. Do you have anything further? No. Thank you. You have rebuttal time if you need it. I have one point. When I read from page three, we indicate that when customs finally did seek payment from American Home Assurance Company, it assessed the interest that accumulated during the time period when they were seeking interest against Lincoln National, not from when AHAC got involved in the process. So we think that they were trying to get interest from a much longer period where we were not involved in their attempts to collect interest during the earlier part of this time period. All right, everyone stay where you are.